Law Offices Of P. Randall Noah
P. Randall Noah, SBN 136452
21 Orinda Way, Suite C, #316
Orinda, CA 94563
Tel. (925) 253-5540
Fac. (925) 253-5542
Email: pnoah@ix.netcom.com
Attorney for Plaintiff,
Holly Kmita

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY KMITA, | CASE NO. |
|        Plaintiff, | COMPLAINT<br>29 USC §1132(a)(1)(B) |
| vs. | |
| AETNA LIFE INSURANCE<br>COMPANY, | |
|        Defendant. | |
| _____/ | |

PLAINTIFF, HOLLY KMITA, ALLEGES AS FOLLOWS:

### JURISDICTION

1.    This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§1001 et seq., and more particularly 29 USC §1132(a)(1)(B) thereof.  This court has jurisdiction under 29 USC §1132(f), which grants to the federal courts concurrent jurisdiction to determine claims under 29 USC §§1001 et seq.

2.    Venue is proper under 29 USC §1132(g) in that the defendant, Aetna Life Insurance Company ("Aetna"),

does business within the jurisdiction of the United States District Court, Northern District Of California.

3.  Plaintiff is a resident of Palm Desert, California.

4.  Plaintiff is informed and believes that defendant, Aetna, was and is a Connecticut corporation, with its principal place of business in Hartford, Connecticut.

**ALLEGATIONS CONCERNING RELIEF SOUGHT**

5.  Holly Kmita, 50, worked at Shadow Ridge Marriott Vacations Worldwide Corp. in Palm Desert since 1989.   When she stopped working on 4/2/16, she was a Sales Manager working full time. Her job functions included: presentations and closing for sales presentations, customer help, managing a sales team, performance management, reviews, payroll, front desk, phones, computers and training. Ms. Kmita had suffered increasing and debilitating depression, anxiety and neuropathy since a pregnancy in 2015, which finally led in April 2016 to a total disability from her occupation as a sales manager, as determined by her medical doctors, and she applied for benefits under the long term disability insurance plan administered by Aetna.  Ms. Kmita's application for benefits was based on the opinion of her treating doctors that she could not return to work in her former occupation.  Increasing neuropathy and depression and anxiety made it impossible to

Complaint

perform the material duties of her job required on a daily
basis.  Accordingly, Ms. Kmita applied for benefits under
Aetna's long term disability plan, and was denied (following
the payment of short term disability benefits).  Plaintiff
appealed the denial of benefits in accord with her plan
requirements, the appeal was denied and she filed this
lawsuit.

　　　6.  When plaintiff was found disabled from her
employment at Marriott Vacations by her doctors, there was
in existence for Marriott employees, including the
plaintiff, a long term disability insurance plan through
Aetna, and administered by Aetna.

　　　7.  The long term disability insurance plan was to
provide disability payments to any employee covered by the
plan, including plaintiff, who suffered a total disability,
as defined by the plan.

　　　8.  Plaintiff's severely compromised health, based on
the mental and physical illness and disease noted in
paragraph 5 above, led to a total disability from her
occupation as a Sales Manager, as determined by her medical
doctors, and she applied for benefits under the long term
disability insurance plan administered by defendant.

Complaint

Plaintiff's application for benefits was based on the opinion of plaintiff's treating physicians that she could not return to work in her former occupation, and subsequently, any occupation, due to the severity of the physical and cognitive limitations caused by her numerous health conditions above listed.

9.   Plaintiff's treating doctors believed that she was in fact disabled from returning to work as a Sales Manager, or any other job which would require a high degree of cognitive and physical activity with long periods of sitting, standing, writing, phone use, computer and keyboard work without frequent rest and time away from work.

10.  Plaintiff accordingly applied for benefits under defendant's long term disability plan.  Short term disability benefits were granted, and then long term disability insurance benefits denied due to defendant's opinion that plaintiff's health limitations were no longer compromised enough to prevent her from returning to full time work appropriate to her age, education and experience. Plaintiff appealed defendant's decision in accord with the requirements of her policy, and as noted above, the appeal was denied by defendant.

Complaint

11.   The relevant portions of the Aetna long term disability insurance policy read as follows:

"Test of Disability

From the date that you first become disabled and until Monthly Benefits are payable for 24 months, you meet the test of disability on any day that:

- you cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy related condition; and

- your earnings are 80% or less of your adjusted pre-disability earnings.

After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day that you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy related condition."

12.   Defendant breached its obligation under the long-term disability plan by denying plaintiff's disability payments when plaintiff met all of the above criteria, which set forth eligibility.  Defendant arbitrarily and unreasonably relied on retained consultants' opinions as opposed to plaintiff's own statements and treating doctors' opinions.

13.   Plaintiff at all times herein mentioned has

Complaint

5

performed all the terms and conditions of Aetna's long term disability plan on her part to be performed.

14. As a proximate result of defendant's failure and refusal to perform its obligations under the long term disability plan, plaintiff has been compelled to retain counsel to protect her rights under the plan, incurring legal fees and costs that are recoverable pursuant to 29 USC §1145.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For compensatory damages;

2. For costs of suit herein;

3. For reasonable attorney fees paid by plaintiff pursuant to 29 USC §1145;

4. For prejudgment interest on all back benefits;

5. For such other and further relief as the court may deem proper.


DATED: April 26, 2017    Law Offices Of P. Randall Noah

                    By: /s/ P. Randall Noah
                    P. Randall Noah
                    Attorney for Plaintiff, Holly Kmita


Complaint